Brian M. Rothschild, ISB #9462
**PARSONS BEHLE & LATIMER**
800 W Main St Suite 1300
Boise, Idaho 83702
Telephone: 208.562.4900
Facsimile: 801.536.6111
BRothschild@parsonsbehle.com
ECF@parsonsbehle.com

*Proposed Attorneys for Debtor Redline Recreational Toys Inc.*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | |
|---|---|
| In re | Case Number: 24-bk-00388-ngh |
| Redline Recreational Toys Inc., | Chapter 11 |
| Debtor | Chief Judge Noah G. Hillen |

**APPLICATION TO EMPLOY PARSONS BEHLE & LATIMER AS COUNSEL TO THE DEBTOR**

---

**NOTICE OF HEARING AND OPPORTUNITY TO OBJECT TO MOTION**

<u>No Objection</u>. The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within 21 days of the date of service of this notice.

If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.

<u>Objection</u>. Any objection shall set out the legal and/or factual basis for the objection. A copy of the objection shall be served on the movant.

<u>Hearing on Objection</u>. The objecting party shall also contact the Court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

4856-8658-5802

REDLINE RECREATIONAL TOYS, INC. ("**Redline**" or the "**Debtor**") hereby applies for entry of an order substantially in the form attached as Exhibit A hereto (the "**Application**") under sections 327(a) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**") authorizing the Debtor to employ and retain Parsons Behle & Latimer ("**Parsons Behle**" or the "**Firm**") as attorneys to represent and assist the Debtor in its Chapter 11 Case (the "**Chapter 11 Case**").

This Application is supported by the *Declaration of Brian M. Rothschild in Support of Application to Employ Parsons Behle & Latimer* (the "**Rothschild Declaration**") filed concurrently herewith, and incorporated herein by reference, and the entire record before the Court in this Chapter 11 Case, the arguments of counsel, and other admissible evidence properly brought before the Court at or before the hearing on this Application.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    SUMMARY OF RELIEF REQUESTED

By this Application, the Debtor requests entry of any order substantially in the form of the proposed order attached as Exhibit A hereto, under sections 327(a) and 328(a) of title 11 of the Bankruptcy Code authorizing the Debtor to employ and retain Parsons Behle to represent and assist the Debtor in its Chapter 11 Case as its counsel.

### II.    JURISDICTION AND BASES FOR RELIEF

1.    The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.    The Debtor's principal offices and principal place of business are located in Boise, Idaho, within the District of Idaho, and, therefore, venue is proper in this District under 28 U.S.C. §§ 1408(1).

4856-8658-5802

3.      The bases for the relief requested herein are sections 105(a), 327(a), and 328(a) of title 11 of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## III.    <u>GENERAL BACKGROUND</u>

4.      The Debtor is a recreational toy sharing membership business.  Under Redline's innovative membership model, members pay a subscription to have access to boats, PWCs, ATVs, UTVs, snowmobiles, campers, motor homes, and more.  Redline builds a custom package for each member depending on their specific needs.  The cost of a membership depends on a member's budget, needs, and desires.  Redline members purchase points that they can use toward their use of their desired equipment.  Redline operates an online reservation system accessible through its website at redlinerectoys.com.

5.      Although Redline's business model is sound and cash-flow positive, it has had difficulties with some of its creditors, including its principal secured creditor, Alaska Growth Capital, which has accelerated its loan.  The Debtor lacks liquidity to fully satisfy its approximately $1.8 million loan to Alaska Growth Capital at this time and, therefore, needs the protection of chapter 11 to pause collection proceedings, restructure its obligations, and prevent an uneconomic liquidation of its business.  Allowing the Debtor to reorganize rather than be liquidated is in the best interest of Redline's creditors, members, and equity owners.

6.      On June 20, 2024 (the "**Petition Date**"), the Debtor filed a petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), commencing this Chapter 11 Case, and elected to proceed under Subchapter V.  The Debtor remains in possession of its estate and is operating its business.

7.      Further factual support for the Application is contained in the *Declaration of Dustin Weniger in Support of First Day Motions* filed on the Petition Date, the statements and arguments

4856-8658-5802

of counsel before the Court, and the entire docket and record of the Chapter 11 Case.  Further

support for this Application is found in the *Declaration of Brian M. Rothschild in Support of the*

*Application* filed contemporaneously herewith.

## IV.    FACTS SPECIFIC TO THE APPLICATION

### A.    Application to Employ and Scope of Services

8.    The Debtor seeks authority under sections 327(a) and 328(a) of the Bankruptcy

Code to employ and retain Parsons Behle & Latimer as their attorneys in connection with its

Chapter 11 Case in accordance with the engagement agreement attached as Exhibit B hereto (the

"**Engagement Agreement**").

9.    It is necessary for the Debtor to employ attorneys under the terms set forth in the

Engagement Agreement to render the foregoing professional services.  Parsons Behle has stated

its desire and willingness to act in the Chapter 11 Case.

### B.    Parsons Behle's Qualifications

10.    The Debtor selected Parsons Behle for its sophisticated chapter 11 bankruptcy

practice and considerable experience before the Bankruptcy Court for the District of Utah where

the Chapter 11 Case is pending.  After careful consideration, the Debtor selected Parsons Behle as

an appropriate professional to employ in this situation.

11.    Founded in 1882, Parsons Behle is a regional law firm of approximately 200

attorneys in six offices in Utah, Idaho, Montana, Washington, and Nevada.  Parsons Behle is a

general services firm with practices ranging from commercial litigation, intellectual property,

environmental compliance, real estate, corporate, financial transactions, and reorganization and

bankruptcy matters.  The attorneys in Parsons Behle's Bankruptcy and Chapter 11 Practice Group

have extensive experience in representing debtors, trustees, creditors, committees of various

constituencies, asset purchasers, and investors in both in- and out-of-court restructurings around

4

the nation.  Parsons Behle's attorneys have represented debtors and creditors in numerous bankruptcy cases nationwide in a wide range of industries.

12.     Parsons Behle's attorneys who will work on this matter are also well-qualified.

13.     Brian M. Rothschild is a shareholder in the Litigation and Bankruptcy Practice Groups.  Mr. Rothschild earned an undergraduate degree from the University of Utah and a law degree from the University of Southern California Gould School of Law (Order of the Coif).  Mr. Rothschild serves as a Subchapter V trustee in the District of Utah.  Prior to joining Parsons Behle in 2014, Mr. Rothschild was an attorney in the Financial Restructuring group in the international AmLaw 100 firm Akin Gump Strauss Hauer & Feld LLP in Los Angeles, California.  Following law school, he served a clerkship for Chief Justice Matthew Durrant of the Utah Supreme Court and was a clerk to United States Bankruptcy Judges Richard Neiter (Bank. C.D. Cal.) and Richard L. Speer (Bankr. N.D. Ohio).  Mr. Rothschild teaches multiple courses in bankruptcy, chapter 11, corporate finance, and corporate reorganization at the S. J. Quinney College of Law at the University of Utah.  He has represented chapter 11 debtors, official and ad hoc committees of creditors and equity holders, and other parties in interest in chapter 11 proceedings in bankruptcy courts across the country.

14.     Darren Neilson is a shareholder in the Litigation and Bankruptcy Practice Groups. Mr. Neilson is a graduate of Brigham Young University and earned his law degree at Loyola Law School in Los Angeles.  Prior to joining Parsons Behle in 2020, Mr. Neilson was an associate in the bankruptcy department at the bankruptcy boutique firm of BG Law in Los Angeles, as well as an associate at the firm of Kirton McConkie in Salt Lake.  Mr. Neilson has represented chapter 11 debtors and other parties in interest in chapter 11 proceedings throughout the mountain states and the west coast.

4856-8658-5802

15.     Simeon J. Brown is an associate at Parsons Behle & Latimer in the Corporate and Bankruptcy Practice Groups.  Mr. Brown received his J.D. from the University of Utah, S.J. Quinney College of Law.  While in law school, Simeon was the executive managing editor of the Utah Law Review and served as judicial extern for the Hon. Judge Jill Parrish in the U.S. District Court, District of Utah.

16.     Alexander S. Chang is an associate at Parsons Behle & Latimer in the Litigation and Bankruptcy Practice Groups. Mr. Chang received his J.D. from the University of Utah, S. J. Quinney College of Law.

17.     Parsons Behle employs and bills other professionals, including its shareholders, lobbying consultants, paralegals, summer clerks, and researchers as appropriate.  Parsons Behle uses billing discretion for all of its timekeepers in accordance with its obligations under the U.S. Trustee Guidelines and its own judgment when billing.

C.     **Disinterestedness of Parsons Behle Under Bankruptcy Rule 2014**

18.     Parsons Behle caused the identities of the Debtor and all known creditors and equity holders to be run through Parsons Behle's computerized conflict check system, and such names to be distributed by email to all attorneys at the Firm for a standard conflict check.  Further, the Firm caused a list of the Debtor's creditors and equity holders to be circulated to the Firm's attorneys for them to review and identify any potential conflicts and connections.

19.     To the best of the Firm's knowledge, except as disclosed herein, Parsons Behle does not represent any employee, officer, or owner of equity securities of the Debtor.  To the best of the firm's knowledge, except as disclosed herein, Parsons Behle and each of its attorneys have no "connections" with the Debtor or any other party in interest, or their respective attorneys and accountants, the Office of the United States Trustee (the "**U.S. Trustee**") or any person employed by the U.S. Trustee.

4856-8658-5802

20.    Based on the above information, the firm does not hold or represent an interest materially adverse to the estate, and Parsons Behle is "disinterested" as defined in 11 U.S.C. § 101(14).  Parsons Behle has no connections with any creditor, equity holder, or principal of the Debtor except as follows:

- Parsons Behle attorney David Jensen has represented and continues to represent U.S. Bank National Association ("**U.S. Bank**"), a creditor of the Debtor, in various commercial matters.  Parsons Behle does not represent U.S. Bank with respect the Chapter 11 Case, and no Firm attorney has represented U.S. Bank in any matter adverse to the Debtor.  The representation of the Debtor falls within U.S. Bank's automatic conflict waiver policy, and the Debtor has agreed to waive any conflict.  Because the matters are unrelated, the conflict is waivable under Idaho conflict rules.  U.S. Bank comprises an insignificant portion (< 0.5%) of the Firm's revenue.

- Parsons Behle attorney Benjamin Beasley has represented and continues to represent B10 Capital, LLC ("**B10**"), a creditor of the Debtor, to provide entity structuring advice.  Parsons Behle does not represent B10 with respect the Chapter 11 Case, and no Firm attorney has represented B10 in any matter adverse to the Debtor.  Both B10[1] and the Debtor have agreed to waive any conflict.  Because the matters are unrelated, the conflict is waivable under Idaho conflict rules.  B10 comprises an insignificant portion (< 0.5%) of the Firm's revenue.

---

[1] This request is still under review.  Due to the exigency of this Chapter 11 Case, Parsons Behle has made this representation as it is confident that the waiver will be granted.  Parsons Behle will inform the Court prior to any hearing if the waiver is not granted.

4856-8658-5802

21.    Parsons Behle has no actual conflicts under the Idaho Rules of Professional Conduct, and the above-disclosed connections do not, in the judgment of Parsons Behle, constitute an interest materially adverse to the estate.

22.    With approximately 215 attorneys across five states, it is possible that Parsons Behle and or its shareholders, counsel, and associates may have in the past represented, may currently represent, and may in the future represent parties in interest in connection with matters unrelated to the Debtor or this Chapter 11 Case.  Moreover, Parsons Behle attorneys appear in many cases, proceedings and transactions involving different attorneys, financial consultants, and investment bankers, some of which may now or in the future represent the Debtor or other parties in interest in this Chapter 11 Case.  It is the firm's judgment that the Firm and its attorneys are disinterested and have no material connections that would affect their judgment or impartiality in this Chapter 11 Case.

23.    Parsons Behle will continue to monitor the Firm's connections with parties in interest and its disinterestedness.  If any other connections or issues pertaining to disinterestedness come to the firm's attention, it will promptly supplement this declaration as required by Bankruptcy Rule 2014.

**D.    Parsons Behle's Work Performed and Compensation Paid Prior to the Petition Date**

24.    On June 17, 2024 (3 days ago), the Debtor hired Parsons Behle to advise it regarding a possible chapter 11 bankruptcy and related issues with its creditors.  The Debtor agreed to hire Parsons Behle on the terms in the Engagement Agreement attached as Exhibit B hereto for services preparing, filing, and assisting the Debtor in its Chapter 11 Case, subject to Court approval of this retention for post-petition services.  As a result of the exigencies of preparing and filing a

chapter 11 case, and the necessity of clearing conflicts, the Debtor did not execute the engagement letter until the Petition Date, June 20, 2024.

25.     On June 20, 2024, the Debtor sent Parsons Behle a retainer of $5,000. Parsons Behle advised as to the Debtor's bankruptcy petition, Schedules and Statement of Financial Affairs, and prepared the Cash Collateral Motion, this Application, the First Day Declaration, the Amplēo Retention Application, and the supporting declarations for each of the Applications. To complete the foregoing in the three days since Parsons Behle was hired by the Debtor, the Firm's attorneys billed the Debtor for the following time:

| Attorney | Rate | Time | Amount |
|---|---|---|---|
| Brian M. Rothschild | $465 | 9.4 hours | $4,371.00 |
| Darren Neilson | $420 | 7.5 hours | $3,150.00 |
| | | Total: | $7,521.00 |
| | | Less Retainer | $(5,000.00) |
| | | Amount Owing | $2,521.00 |

26.     Due to the exigency, further work on a restructuring proposal, additional "first day" motions, and other work will need to be completed after the Petition Date. Having never worked for the Debtor previously, to the best of the Firm's knowledge, except as to the $2,521.00, neither Parsons Behle nor any of its attorneys has a prepetition claim against the Debtor, and Parsons Behle is not disqualified from employment under sections 327(a) and 1195 of the Bankruptcy Code.

      E.      **Terms of Parsons Behle's Employment**

27.     The current hourly rates charged by Parsons Behle for professionals and paraprofessionals employed in its offices are provided below:

| Professional | Position | Hourly Rate |
|---|---|---|
| Brian M. Rothschild | Shareholder, Bankruptcy | $465 |
| Darren Nielson | Shareholder, Bankruptcy | $420 |
| Simeon J. Brown | Associate, Bankruptcy | $350 |
| Alexander S. Chang | Associate Law Clerk, Bankruptcy | $325 |

4856-8658-5802

28.    In addition to the lawyers named above, it may be necessary for other Parsons Behle professionals in other legal disciplines to provide services to the Debtor as requested.  Parsons Behle's senior attorneys charge up to $780 per hour depending on discipline and project.  These hourly rates are subject to periodic adjustments (typically in January of each year) to reflect economic and other conditions.  Parsons Behle's professionals have and will continue to charge the estate the same or lower rates that they ordinarily charge to other clients of the Firm.  Parsons Behle's timekeepers increase their rates, including rates charged in bankruptcy cases, in other jurisdictions based on the market for legal services.

29.    Parsons Behle maintains detailed records of actual and necessary costs and expenses incurred in connection with the legal services described above.  Parsons Behle hereafter intends to apply to the Court under section 330 of the Bankruptcy Code for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the local rules and orders of this Court (the "**Local Rules**") for all services performed and expenses incurred on behalf of the Debtor.

30.    No promises have been solicited or received by Parsons Behle or any of its employees as to any payment or compensation in connection with these cases other than in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  Parsons Behle has no agreement with any other entity to share with such entity any compensation received by Parsons Behle.

**F.    <u>Scope of Parsons Behle's Employment</u>**

31.    The Debtor has requested that Parsons Behle render various legal services to the Debtor, including those set forth in the Engagement Agreement and the following:

4856-8658-5802

(a) Advising the Debtor with respect to its powers and duties as debtor in possession in the continued management and operation of its businesses and properties;

(b) Advising and consulting on the conduct of this Chapter 11 Case, including all of the legal requirements of operating in chapter 11;

(c) Advising the Debtor in connection with corporate transactions and corporate governance, negotiations, consent solicitations, credit agreements, financing agreements, and other agreements with creditors, equity holders, prospective acquirers and investors, reviewing and preparing of documents and agreements, and such other actions;

(d) Reviewing and preparing pleadings in connection with this Chapter 11 Case, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtor's estate, and appearing in court, and taking other actions with respect to the foregoing;

(e) Attending meetings and negotiating with representatives of creditors and other parties in interest;

(f) Representing the Debtor with respect to litigations, including litigations related to commercial contracts, intellectual property, employment, and any other litigation matter.

(g) Advising the Debtor with legal issues related to the Debtor's financial circumstances, including with respect to restructuring, financing, corporate, tax, litigation, mergers and acquisition, and employment issues, in each case as may be necessary or appropriate;

(h) Performing all other ancillary necessary legal services for the Debtor in connection with the prosecution of this Chapter 11 Case, including assisting the Debtor in (i) analyzing the legal aspects of the Debtor's leases and contracts and the assumption and assignment or rejection thereof; (ii) analyzing the validity of liens against the Debtor; and (iii) advising the Debtor on corporate and litigation matters;

(i) Taking all necessary legal actions to protect and preserve the Debtor's estate as the Debtor requests, including prosecuting actions on the Debtor's behalf, defending any action commenced against the Debtor, and representing the Debtor in negotiations concerning litigation in which the Debtor its involved, including objections to claims filed against the Debtor's estate; and

11

4856-8658-5802

(j) Taking any necessary action on behalf of the Debtor as the Debtor requests to obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto.

32.     It is necessary and essential for the Debtor to employ attorneys under a general retainer to render the foregoing professional services and any other legal services that the Debtor may require during the Chapter 11 Case.  Parsons Behle has indicated its desire and willingness to act on behalf of, and render such services to, the Debtor subject to the Court's entry of an order approving the Firm's retention.

**G.     Proposed Compensation of Parsons Behle**

33.     In the Engagement Agreement, the Debtor agrees to retain the Firm, and the Firm agrees to provide services at its normal hourly rates and to reimburse it for its out-of-pocket expenses, third-party vendors, and customary charges.

34.     The Debtor requests that all fees and related costs and expenses incurred by the Debtor on account of services rendered by Parsons Behle in this Chapter 11 Case be paid as administrative expenses of the estate under sections 328, 330(a), 331, 503(b), and 507(a)(1) of the Bankruptcy Code.  Parsons Behle will apply for compensation in accordance with the Bankruptcy Code, any order regarding compensation procedures and the Guidelines established by the U.S. Trustee (the "**U.S. Trustee Guidelines**").[2]

35.     As required by the U.S. Trustee Guidelines applicable to the Chapter 11 Case, Parsons Behle will maintain contemporaneous records of its professionals' time in increments of 0.1 hours, and account for each time entry by the task codes prescribed by the U.S. Trustee.  (*Id.*)

36.     Under section 328(a) of the Bankruptcy Code, the Debtor may retain Parsons Behle on any reasonable terms and conditions.  The Debtor submits that the terms set forth in the

---

[2] Available at https://www.justice.gov/ust/fee-guidelines.

4856-8658-5802

Engagement Agreement charged by Parsons Behle to the Debtor and Parsons Behle's other clients on a daily basis in a competitive market are reasonable terms and conditions.

37.      Accordingly, it is reasonable, necessary, and appropriate for the Debtor to employ Parsons Behle as its attorneys under the terms set forth in the Engagement Agreement to render the foregoing professional services.  Parsons Behle has stated its desire and willingness to act in this Chapter 11 Case and render the necessary professional services as attorneys for the Debtor. Thus, the Debtor seeks approval as set forth in the Order to retain Parsons Behle after proper notice and a hearing no sooner than 21 days after the Petition Date.  Bankruptcy Rule 6003.

## V.      AUTHORITY AND REQUEST FOR RELIEF

Under section 328(a) of the Bankruptcy Code, the debtor in possession may retain and employ an attorney to assist it in carrying out its duties under chapter 11 on any reasonable terms and conditions.  The Debtor submits that the terms set forth in the Engagement Agreement with Parsons Behle, which is similar to the terms and conditions that Parsons Behle engaged with its other clients in a competitive market, are reasonable terms and conditions.  Accordingly, it is reasonable, necessary, and appropriate for the Debtor to employ Parsons Behle as its attorneys under the terms set forth in the Engagement Agreement to render the foregoing professional services.  Parsons Behle has stated its desire and willingness to act in the Chapter 11 Case and render the necessary professional services as attorneys for the Debtor.  Thus, the Debtor seeks approval as set forth in the Order to retain Parsons Behle after proper notice and a hearing no sooner than 21 days after the Petition Date.  Bankruptcy Rule 6003(a).

## VI.      NOTICE

No trustee or examiner has been appointed in the Chapter 11 Case.  The Debtor has or will provide notice of this Application to (a) the Office of the United States Trustee for the District of Utah; (b) the Subchapter V Trustee appointed to the Case (once appointed); (c) the parties listed

13

on the combined List of Creditors Holding the 20 Largest Unsecured Claims for the Debtor; (d) all

ECF notice parties; (e) the United States Internal Revenue Service; and (f) the Idaho Tax

Commission.   In light of the nature of the relief requested in this Application, the Debtor

respectfully submits that no further notice is necessary.

No prior application for the relief sought in this Application has been made to this Court

or any other court in connection with the Chapter 11 Case.

**VI.    CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the

Court grant the Application and enter the Order attached as Exhibit A after holding a hearing no

sooner than 21 days after the Petition Date.  Bankruptcy Rule 6003(a).


DATED June 20, 2024.                     PARSONS BEHLE & LATIMER

                                         /s/ Brian M. Rothschild
                                         Brian M. Rothschild

                                         *Proposed Attorneys for Debtor Redline*
                                         *Recreational Toys Inc.*

                                         REDLINE RECREATIONAL TOYS INC.


                                         Dustin Weniger
                                         President of Redline Recreational Toys Inc.

**EXHIBIT A**

**PROPOSED ORDER**

4856-8658-5802

Brian M. Rothschild, ISB #9462
**PARSONS BEHLE & LATIMER**
800 W Main St Suite 1300
Boise, Idaho 83702
Telephone:  208.562.4900
Facsimile:  801.536.6111
BRothschild@parsonsbehle.com

*Proposed Attorneys for Debtor Redline Recreational Toys Inc.*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | |
|---|---|
| In re | |
| Redline Recreational Toys Inc., | Case Number:  24-bk-00388-ngh |
| Debtor | Chapter:  11 |

**ORDER GRANTING APPLICATION TO EMPLOY PARSONS BEHLE & LATIMER
AS COUNSEL TO THE DEBTOR**

Upon the Application (the "**Application**")[3] filed by the above-captioned debtor and debtor

in possession (the "**Debtor**") seeking entry of an order authorizing the Debtor to retain and employ

Parsons Behle & Latimer ("**Parsons Behle**" or the "**Firm**") as its attorneys to provide the services

described in the Application; and the Court, having reviewed the Application and having heard the

statements of counsel in support of the relief requested in the Application at the hearing before the

Court (the "**Hearing**"), and upon the Court's consideration of the *Declaration of Brian M.*

*Rothschild in Support of the Application* and the *Declaration of Dustin Weniger in Support of the*

*First Day Motions*, and upon the record of the proceedings before this Court, and the Court finding

that it has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, that this is a core matter

---

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

4856-8658-5802

under 28 U.S.C. § 157(b)(2), that notice of the Application and the Hearing were sufficient under the circumstances and that no further notice need be given for the relief sought herein; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtor, its estate and creditors, and all parties in interest; and it appearing that attorneys and other professionals at Parsons Behle who will perform services on behalf of the Debtor in the Chapter 11 Case are duly qualified to practice before this Court; and the Court finding, based on the advisements made in the Application and the Rothschild Declaration that Parsons Behle does not represent any interest materially adverse to the Debtor or the Debtor's estate, that it is a "disinterested person," as that term is defined in sections 101(14), 327(a), and 1195 of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code, that its employment is necessary and in the best interests of the Debtor's estate, and sufficient cause appearing,

**THEREFORE, IT IS HEREBY ORDERED THAT:**

The Application to employ Parsons Behle in the Chapter 11 Case on behalf of the Debtor is APPROVED under section 327(a) of the Bankruptcy Code.

1.      The terms of the Engagement Agreement, attached as <u>Exhibit B</u> to the Application, are approved in their entirety.

2.      Parsons Behle may continue to hold any retainer that it holds in trust but will not apply the retainer without subsequent order of the Court.

3.      Parsons Behle shall apply for compensation and reimbursement of costs pursuant to sections 330 and 331 of the Bankruptcy Code for legal and other professional services rendered and costs incurred on behalf of the Debtor.

4.      The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

4856-8658-5802

5.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

6.      The entry of this Order is without prejudice to the Debtor or Parsons Behle to request additional or different relief if warranted.

**IT IS SO ORDERED.**

DATED July ___, 2024.


_____
HONORABLE NOAH G. HILLEN
CHIEF U.S. BANKRUPTCY JUDGE


// end of text //

*Order Prepared and Submitted by:*

Brian M. Rothschild, ISB #9462
**PARSONS BEHLE & LATIMER**
800 W Main St Suite 1300
Boise, Idaho 83702
Telephone:  208.562.4900
Facsimile:  801.536.6111
BRothschild@parsonsbehle.com

*Proposed Attorneys for Debtor Redline Recreational Toys Inc.*

3

4856-8658-5802

**EXHIBIT B**

**ENGAGEMENT AGREEMENT**

**PARSONS
BEHLE &
LATIMER**

201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Main  801.532.1234
Fax  801.536.6111

A Professional
Law Corporation

Brian M. Rothschild
Attorney at Law
Direct  801.536.6762
BRothschild@parsonsbehle.com

June 20, 2024

Dustin Weniger
dustin@redlinerectoys.com
President
Redline Recreational Toys Inc.
www.redlinerectoys.com
Office: (208) 695-2288 ext. 555

### Scope and Terms of Representation by Parsons Behle & Latimer

Dear Dustin:

Thank you for allowing Parsons Behle & Latimer the opportunity to represent Redline Recreational Toys Inc. ("Redline," "you," or the "client"). This letter confirms the scope and terms of our engagement.

I. **Scope of Work.**

It is my understanding that we will represent Redline Recreational Toys, Inc. and no other person or entity to prepare, file, and conduct its case under Chapter 11 of the Bankruptcy Code to be filed in Idaho, and other litigations or matters to which we agree and that are within the scope of the Bankruptcy Court approval. Unless instructed otherwise, we will work directly with you (Dustin) and take our instructions from him on this matter. **You understand that you have retained us on the day you wish to file the case, and, therefore, the chances of successful reorganization are greatly diminished.**

II. **Agreement as to Fees and Costs.**

Work on this matter will be billed at our customary rates. I will be primarily responsible for this matter. My current billing rate is $465 per hour. We will endeavor to perform services as economically as possible, but may delegate certain responsibilities to other attorneys, paralegals, or employees of Parsons with different billing rates, as needed to provide services to you. Please be advised that the Firm's rates may be increased from time-to-time, and by execution of this engagement letter, you agree to pay the increased rates when adopted.

A retainer of $5,000 is requested before any work on this matter can be performed. Prior to preparation of a chapter 11 case, we will require additional funds to be placed on retainer to ensure that we do not become a creditor of the client. This retainer will be placed in trust and any

4868-8625-5049

June 20, 2024
Page Two

unapplied portion will be held in trust until the completion of our representation on the matter, at which time it will be applied against any open invoices and any remaining balance in trust will then be returned to you. The retainer may also be applied, at our discretion, toward invoices not paid when due. If the retainer is so applied, you agree to replenish the retainer to the agreed upon level upon request. Provided all outstanding invoices have been paid, any unapplied retainer will be returned to you upon completion of this engagement. **Because this matter involves filing a case under chapter 11 of the Bankruptcy Code, you agree to maintain the level of the retainer in excess of the firm's outstanding fees at all times so that the firm does not become a creditor or preference defendant of the client, and thus does not become conflicted.** Accordingly, if the amount of work requested results in billables nearing the amount of the retainer in between a billing cycle, the firm will inform you and request that you replenish the amount of the retainer before additional work can be performed. Please note that repeated work stoppages due to insufficient retainers create inefficiencies and, therefore, can increase the overall cost and delay the delivery of the services.

Prior to the petition date, statements for services rendered will be mailed to you monthly unless required more frequently in accordance with the preceding paragraph. You agree to carefully read all statements and to promptly notify Parsons Behle & Latimer of any claimed errors or discrepancies in the billings within fifteen (15) days from the time the statement is received. In the event you fail to do so it will be presumed that you agree with the correctness, accuracy and fairness of any statement. All sums billed are due and payable upon receipt of the statement except as otherwise provided in the preceding paragraph. After the petition date, payment may only be made upon entry of a court order approving an application for allowance of our fees.

You may pay your invoice by check, credit card, wire transfer, or ACH payment, and may access our client payment portal through our website.

Parsons reserves the right to terminate providing service to any client who does not pay in a timely manner. Parsons will not perform new work for any client who has an account receivable of 90 days or older. A late charge will be imposed on any billed amounts that remain unpaid after 30 days equal to 1.5% per month. Notwithstanding anything contained in this engagement letter to the contrary, if the rate of interest is deemed to be contrary to applicable laws, then the applicable interest rate shall be the highest rate of interest that may be collected under applicable laws at the time. The firm reserves the right to claim an attorney's lien pursuant applicable state law describing and allowing an attorney's lien. If you have questions about this authority, please contact us and we can direct you to the applicable state statute.

Parsons bills clients a fee for certain expenses such as electronic research through Westlaw, our online research vendor, facsimile charges, photocopying, internal document database management, internal messenger service, and other appropriate items that will be identified and charged as they are incurred. Attached is a fee schedule setting forth the most commonly billed

4868-8625-5049

June 20, 2024
Page Three

expenses. These fees may be adjusted from time-to-time, and by execution of this engagement letter, you agree to pay the fees if and when they are adjusted.

Parsons also bills clients for expenses paid to third parties, including, but not limited to, postage expenses, transportation costs, travel related expenses, filing fees, service of process fees, outside messenger fees, expert witness or consultant fees, outside copy charges, or electronic discovery vendor charges. Further, any Parsons staff or professional required to work on a matter after customary business hours (5:00 p.m.) may charge up to $25.00 per person for meal service. The cost of these expenses will be passed on to you and will be itemized on your monthly statements. By execution of this engagement letter, you agree to reimburse Parsons the amount of these expenses.

III.    **Conflicts of Interest.**

A review of our records indicates that we have no current conflict of interest associated with undertaking this representation except as described herein. You understand that certain members of the firm work for U.S. Bank National Association or its affiliates, and that one of your creditors is U.S. Bank. You agree to waive that conflict. If a conflict arises in the future such that it becomes necessary for us to withdraw, we will provide appropriate assistance to you in obtaining new representation. If in the future you become aware of any facts that suggest a conflict of interest exists, please call it to our attention promptly.

Given the limited engagement described in Section I (entitled "Scope of Work"), our firm needs to take precautions allowed by the applicable Rules of Professional Conduct to protect the ability of our many lawyers to continue serving their existing and future clients on future, unrelated matters. Our retention in this matter is based on our mutual understanding that you hereby waive all future conflicts arising out of any matter, including a litigation matter, which is not substantially related to this engagement. Those matters could include work for or against your principals, banking institutions, contract counterparties, licensors, office lessors, sales platforms, merchant card processors or banks, and other related parties or parties with whom you do business. This waiver only applies in situations where we can staff the adverse matter with lawyers who have not worked on your matter and where we can also establish a confidentiality screen to prevent the lawyers working on the adverse matter from gaining access to any confidential information you may provide to the firm during the course of this engagement. Because of these restrictions, we are confident that, even if we were to undertake a representation adverse to you in an unrelated matter, there would be no impairment to our ability to continue to provide you with competent and diligent representation in this engagement.

Although you may revoke this waiver as to future matters at any time, that revocation will not affect any matters undertaken by the firm prior to receipt of notice of the revocation of the waiver. Under that scenario, to the extent allowed by the applicable Rules of Professional Conduct,

4868-8625-5049

June 20, 2024
Page Four

you consent to us withdrawing from representing you if that is necessary for us to continue representing other clients, and we would assist you in transferring your matter to other counsel.

Should you have any questions about our request for this limited waiver of future conflicts, we invite and encourage you to seek legal advice on this matter from independent counsel of your choosing.

## IV.    Notification to Your Insurer.

It is my understanding that we have not been engaged to advise you on insurance related issues. I strongly recommend that you immediately determine whether you have any insurance policies whatsoever, whether primary or excess, which may potentially provide insurance coverage and/or a legal defense for this matter, even if you consider the possibility to be remote. I encourage you to immediately notify all possible insurers of this matter, provide each insurer with a copy of all of the communications related to this claim, and suggest that you review the "Conditions" of your insurance policies that typically prescribe the manner and substantive requirements for notifying and tendering matters to insurers for investigation, indemnity, and a defense of this claim. Most often, liability policies require immediate notice of litigation. Failure to timely notify your insurers of claims, potential claims, or litigation could result in your insurer denying a defense and/or coverage based upon late notice, even if the matter might otherwise be covered. An honest mistake by an insured regarding whether or not a given policy affords coverage or a defense may not be considered sufficient to excuse or justify failing to timely or properly notify its insurer of litigation as required by the conditions of a given policy. Consequently, it is best to notify an insurer if there is any possibility of coverage. Again, I wish to confirm that determining the identity of your insurers, if any, or the extent or scope of your insurance coverage, and/or notifying your insurers is not currently within the scope of our representation.

## V.    Preservation of Documents and Information.

As this matter and related disputes are reasonably expected to result in litigation, you are under an obligation not to alter, destroy, dispose of, or otherwise tamper with any evidence that may be relevant or admissible as evidence, or any evidence or information that is reasonably likely to lead to the discovery of admissible evidence in this matter, and to take reasonable steps to preserve and protect that evidence. This obligation extends not only to hard copy documentation, but also to electronically stored information including, but not limited to, emails, attachments, computer printouts, computer tapes, and electronic memory devices containing any documents, spreadsheets, summaries, and similar materials. In the event any emails, documents, or any other data containing information regarding potential claims and defenses reside on the hard drives of any computers owned, used, accessed, or maintained by Redline or its employees, agents or representatives, you are also under an obligation to collect and preserve that evidence as well.

4868-8625-5049

June 20, 2024
Page Five

## VI.    **Communication.**

Correspondence, records, copies of agreements, and any other relevant documents will be forwarded to you unless instructed otherwise. All files maintained by the firm and pertaining to you in the progress of any given matter are open for your inspection at any reasonable time. I will keep you informed regarding the status of any matter in which you are involved, but you should feel free to call me any time with questions or concerns. Please understand, however, that we cannot and do not guarantee the outcome of this matter, as the litigation process necessarily involves risk and uncertainty.

Your communications with the firm are confidential and generally protected by the attorney-client privilege, provided reasonable steps are taken to maintain the confidentiality of those communications. However, email and text messages may not be secure forms of communication unless encrypted or other privacy safeguards are in place. The firm's email system is capable of receiving and transmitting encrypted email via the Transport Layer Security (TLS) protocol. If you wish to communicate with us through this encryption protocol, please advise me so that we may ensure that the protocol is in place. Please call me if you desire further information on encryption in order to make a fully informed decision. We also recommend that you use passwords and encryption methods to secure your electronic and mobile devices and take reasonable precautions in handling hard copies of confidential documents and communications including providing those only to persons on a 'need to know' basis.

All documents, records, and files, including any emails and electronic documents, created, stored or that otherwise come into the firm's possession during the course of this representation are subject to the firm's document retention and destruction policy. Accordingly, those documents, records, and files are subject to destruction eight years after the conclusion of the matter, unless (i) you request possession of such documents, records or files before the documents are scheduled to be destroyed, or (ii) you request that those documents, records, or files be destroyed earlier.

The firm adheres to the governing rules of civility and professional conduct applicable to this engagement and any related litigation. A copy of the applicable rules of professional conduct can be provided to you at your request. Accordingly, we reserve the right to grant accommodations to other counsel in all matters not directly affecting the merits of the case or prejudicing your substantive rights (*e.g.*, scheduling, continuances, extensions, etc.).

## VII.    **Confirmation of Agreement.**

If the foregoing accurately reflects your understanding regarding representation by Parsons on your behalf, please sign, date, and return to me. This agreement will not take effect and the firm will have no obligation to provide legal services until we receive a signed copy of the letter and the agreed upon retainer has been paid.

4868-8625-5049

June 20, 2024
Page Six


      Thank you again for retaining us in this matter.  If you have any questions, please call me at 801.536.6762.


                         Sincerely,

                         **PARSONS BEHLE & LATIMER**


                         Brian M. Rothschild
                         Attorney at Law

BMR:


      The foregoing letter has been reviewed and the terms agreed to by Redline Recreational Toys, Inc. this _20th_ day of June, 2024.

RECEIVED, ACCEPTED AND AGREED:

**Redline Recreational Toys Inc.**



Dustin Weniger
Its President

**PARSONS BEHLE & LATIMER**

**Parsons Behle & Latimer Cost Schedule (2024)**

| General Administrative | | |
|---|---|---|
| Photocopies | $0.15 | per page |
| Oversized copies Black and White | $1.00 | Per Sq Ft |
| Oversized copies Color | $ 10.00 | Per Sq Ft |
| Color copies | $0.80 | per page |
| Blowback printing | $0.10 | page |
| Facsimiles | $0.15 | per page |
| Binding | $1.25 - 1.50 | per presentation/brief |
| Binders (varies by size) | $4.00 - 30.00 | each |
| Messenger service (varies by zone) | $7.50 - 40.00 | each |
| Return check fee | $25.00 | each |
| Wire Fee | $30.00 | per transaction |

| Practice Support | | |
|---|---|---|
| CD copying | $10.00 | each |
| DVD copying | $15.00 | each |
| USB Drive (8 GB USB – 64 GB USB) | $25.00 - $55.00 | each |
| External Hard Drive (500 GB – 1 TB) | $125 - $150 | each |
| External Hard Drive (2 TB) | $175 | |
| Scanning paper documents for case management system | $0.15 | per page |
| Color scanning for case management system | $0.75 | per page |
| Optical character recognition of imaged documents for case management system | $0.025 | per page |
| Electronic endorsement - Bates numbering of imaged documents for case management system for each endorsement (Bates, Designation and Special Designation) | $0.02 | per page |
| Electronic designation endorsements for each document | $0.02 | per page |
| Document Unitization (per Doc fee is in addition to PM time, and GBs Extracting/Processing | $0.10 | Per Doc Created |
| Data Extract/Processing (< 1 – 30 MB) | $10.00 | Each |
| Data Extract/Processing (> 31 – 100 MB) | $20.00 | Each |
| Data Extract/Processing (> 100 MB (>.100GB) | $85.00 | Per GB |
| Data Extract/Processing (Early Case Assessment plus PM Search Time) (Exported Searched Data) | $50.00 | Per GB |
| Exports/Production from Ipro Eclipse (<1 MB And < 50 Docs) | $10.00 | Each |
| Exports/Production from Ipro Eclipse (1 - 14.9 MB) | $25.00 | Each |
| Exports/Production from Ipro Eclipse (15 - 74.9 MB) | $50.00 | Each |
| Exports/Production from Ipro Eclipse (75 - 449.9 MB) | $75.00 | Each |
| Exports/Production from Ipro Eclipse (> 450 MB) | $85.00 | Per GB |
| Project Management Time (Assist, Prepare, Manual Bates, Create, Redact, Review, and Update) | $95 - $160.00 | Per Hour |
| B/W Image Printing from database | $0.10 | per page |

1

## Parsons Behle & Latimer Cost Schedule (2024)

| | | |
|---|---|---|
| Color Image Printing from database | $0.55 | per page |
| External user login for case management system (for use by experts, in-house teams, or outside co-counsel) | $25.00 | per login |
| | | |
| **Electronic Research (Westlaw)** | | |
| Searches | $60.00 | per search (all included databases) |
| Key Cite | No charge | |
| FIND transactions (cases, statutes, articles) | No charge | |
| All document displays | No charge | |
| Printing, emailing or downloading (including reporter images) | No charge | |
| Briefs or other pleadings or orders | No charge | |
| Secondary sources (treatises, ALR, AmJur2d, CJS, Restatements, Law Reviews) within contract | No charge | |
| Excluded content (treatises, premium content) | Standard Westlaw Retail Rates | |
| | | |
| **Miscellaneous** | | |
| Trademark Search | $300.00 | each |
| Exhibit Preparation | $40.00 | each |
| Downloaded documents from online court dockets | $2.50 | document |
| Technical setup up / courtroom technology setup | $55.00 | per hour |

4868-8625-5049