Brian M. Rothschild, ISB #9462
**PARSONS BEHLE & LATIMER**
800 W Main St Suite 1300
Boise, Idaho 83702
Telephone:  208.562.4900
Facsimile:  801.536.6111
BRothschild@parsonsbehle.com
ECF@parsonsbehle.com

*Proposed Attorneys for Debtor Redline Recreational Toys Inc.*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | |
|---|---|
| In re<br><br>Redline Recreational Toys Inc.,<br><br>        Debtor | Case Number:  24-bk-00388-ngh<br><br>Chapter 11<br><br>Judge Noah G. Hillen |

**DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL**

---

**NOTICE OF HEARING AND OPPORTUNITY TO OBJECT TO MOTION**

No Objection.  The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within 21 days of the date of service of this notice.

If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.

Objection.  Any objection shall set out the legal and/or factual basis for the objection.  A copy of the objection shall be served on the movant.

Hearing on Objection.  The objecting party shall also contact the Court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

1

4856-8658-5802

REDLINE RECREATIONAL TOYS, INC. ("**Redline**" or the "**Debtor**") hereby applies for entry of an order substantially in the form attached as Exhibit A hereto (the "**Motion**") under sections 105(a), 361, and 363 of title 11 of the United States Code (the "**Bankruptcy Code**") and Federal Rule of Bankruptcy Procedure 4001 and the Local Rules of Practice authorizing the Debtor to use cash collateral.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.    **SUMMARY OF RELIEF REQUESTED**

By this Motion, the Debtor requests entry of any order substantially in the form of the proposed order attached as Exhibit A hereto, under sections 105(a), 361, and 363 of title 11 of the Bankruptcy Code authorizing the Debtor to use cash collateral and the granting of adequate protection to lienholders.

Debtor seeks permission to use cash collateral, which is subject to liens held by Alaksa Growth Capital BIDCO, Inc.[1], United States Small Business Administration, Diana Luoma, and one unknown creditor who has used representatives to file their UCC-1 Financing Statement[2]. (collectively referred to as the "**Lienholders**"), pursuant to sections 361 and 363 of the Bankruptcy Code. Debtor intends to use the cash collateral to fund payroll (prepetition, subject to the court's approval, and postpetition), employee benefits, payroll expenses, taxes, insurance, rent, general overhead, business operations, and restructuring and administrative costs. Debtor proposes to provide adequate protection to the Lienholders in the form of a replacement lien on postpetition

---

[1] The Debtor is still analyzing Alaksa Growth Capital BIDCO, Inc.'s filed UCC-1s to ensure that they have been perfected. Debtor does not waive its ability to challenge Alaksa Growth Capital BIDCO, Inc.'s perfection at a later point.

[2] Debtor has requested the information as to the identity of the potential creditor but has not received a response. Debtor will update the Court once it learns their identity.

4856-8658-5802

accounts receivable to the extent Debtor collects and uses prepetition accounts receivable, as well as ongoing monthly payments to select Lienholders.

## II. JURISDICTION AND BASES FOR RELIEF

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. The Debtor's principal offices and principal place of business are located in Boise, Idaho, within the District of Idaho, and, therefore, venue is proper in this District under 28 U.S.C. §§ 1408(1).

3. The bases for the relief requested herein are sections 105(a), 361, and 363(c)(2)(B) of title 11 of the Bankruptcy Code and the rule 4001 and 9014 of Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## III. DESCRIPTION OF THE DEBTOR'S BUSINESS

The Debtor is a recreational toy sharing membership business. Under Redline's innovative membership model, members pay a subscription to have access to boats, PWCs, ATVs, UTVs, snowmobiles, campers, motor homes, and more. Redline builds a custom package for each member depending on their specific needs. The cost of a membership depends on a member's budget, needs, and desires. Redline members purchase points that they can use toward their use of their desired equipment. Redline operates an online reservation system accessible through its website at redlinerectoys.com.

Debtor has assets totaling $2,159,255.37. Debtor's assets consist mainly of various recreational vehicles listed above.

IV. **CREDITORS WITH INTERESTS IN CASH COLLATERAL**

The Debtor's best information regarding creditors (defined above as Lienholders) asserting to hold claims secured by security interests in inventory, accounts receivables, deposit accounts, and proceeds thereof are as follows:

| Creditor Name | Creditor Address | Creditor Attorney | Amount Owed |
|---|---|---|---|
| Alaska Growth Capital BIDCO, Inc. | 3800 Centerpoint Drive, Suite 1100, Anchorage, AK 99503 | | $2,661,696 |
| United States Small Business Administration | 10737 Gateway West, #300, El Paso, TX 79932 | | $416,200 |
| Diana Luoma | 4850 Curlew Pl, Eagle, ID 83642 | | $325,000 |
| CT Corporation System, as representative | 330 N. Brand Blvd. Suite 700, Glendale, CA 91203 | | Unknown |

The Debtor obtained the above information from an analysis of all UCC-1 Financing Statements filed with the Idaho Secretary of State. Debtor did not include any paid off loans that have not been terminated, or any lapsed UCC-1 Financing Statements in its analysis. Debtor also did not include any lienholders whose security interest was limited to specific equipment or machines. Finally, the Debtor has concerns about Alaska Growth Capital BIDCO, Inc.'s status as a properly perfected creditor and whether its security interest includes Debtor's cash collateral or if it is limited to specific machines or equipment. Debtor is including Alaska Growth Capital BIDCO, Inc. in this Motion in an abundance of caution.

V. **DEBTOR'S CASH COLLATERAL**

As of the Petition Date (June 20, 2024), the Debtor's collateral that is, or will become cash, through the Debtor's business operations, has a value of approximately $76,588.35 and consists of the following (the "**Pre-Petition Cash Collateral**"):

4

| Item | Value | Valuation Method | Notes |
|---|---|---|---|
| Cash | $1,964.85 | Balance at Petition Date | Cash in the following three bank accounts:<br>Redline LLC - $1,160.00<br>Redline Franchise -$13.78<br>R Toy Share -$791.07 |
| Accounts receivable | $74,623.50 | Current Contracts | |
| **TOTAL** | **$76,588.35** | | |

## VI. THE DEBTOR'S PROPOSED USE OF PRE-PETITION CASH COLLATERAL

To continue to manage and maintain the value of property of the Debtor's estate and to continue the Debtor's business, the Debtor must incur and pay ordinary operating expenses, including wages, that arise in the normal course of business. The Debtor must use the Pre-Petition Cash Collateral to satisfy these expenses. If the Debtor cannot use the Pre-Petition Cash Collateral, the Debtor's prospects for an effective reorganization will be diminished—if not precluded.

## VII. ADEQUATE PROTECTION

As adequate protection of the Lienholder's interest in the Pre-Petition Cash Collateral actually used by the Debtor, the Debtor offers adequate protection as follows:

- The Court will grant a perfected, post-petition lien (the "**Replacement Lien**") to the Cash Collateral Creditors in post-petition inventory, accounts receivable, deposit accounts, and cash generated by its post-petition operations (but not including funds that may be received by the Debtor from post-petition loans or employee retention tax credits that may be received by the Debtor post-petition or through chapter V avoidance actions) to replace the value of any Pre-Petition Cash Collateral used by the Debtor (the "**Post-Petition Replacement Collateral**").

- Monthly payments to the Lienholders as follows:

5

4856-8658-5802

| Lienholder | Monthly Payment Amount | Notes |
|---|---|---|
| Alaska Growth Capital BIDCO, Inc. | $10,000 | |
| United States Small Business Administration | $731.00 | |
| Diana Luoma | $0.00 | Ms. Luoma's Note does not require Monthly Payments and therefore no Monthly Payments are proposed. |
| CT Corporation System, as representative | $0.00 | Debtor disputes that this is a valid Lienholder. Once Debtor obtains the identity of this creditor, it will provide this information to the Court through a supplemental filing. |

## VIII. COMPLIANCE WITH BANKRUPTCY RULE 4001 AND LOCAL RULE 4001-1(A)

In compliance with Bankruptcy Rule 4001(b) and Local Rule 4001-1(a), Debtor makes the following concise statement about the relief requested herein:

(1) <u>Entities with Interest in Cash Collateral</u>: Discussed in Section IV above.

(2) <u>Cash to be Used During Interim Relief:</u>  Debtor's proposed financial advisors are working on preparing this information for the Court and it will be supplemented as soon as possible.

(3) <u>One-Year Line-Item Budget</u>: Debtor's proposed financial advisors are working on preparing this information for the Court and it will be supplemented as soon as possible.

(4) <u>Estimated Balance Owed to Lienholders</u>: Discussed in Section IV above.

(5) <u>Cash Collateral as Rent</u>: Not applicable.

(6) <u>Cash Collateral as Receivables</u>: Not applicable. While Debtor has entered into some merchant cash advance loans, the creditors have not filed UCC-1 Financing Statements and are therefore unsecured creditors.

(7) <u>Estimated Fair Market Value of any Property Offered as Adequate Protection</u>: The Debtor's value of its equipment and machines is discussed in the Declaration of Dustin Weniger In Support of First Day Relief.

4856-8658-5802

(8)  **Estimated Value of Property Offered as Adequate Protection**: The Debtor's value of its equipment and machines is discussed in the Declaration of Dustin Weniger In Support of First Day Relief.

(9)  **Statement as to Departure from Guidelines Regarding Motions to Use Cash Collateral**: The Debtor does not believe its request deviates from the any provision contained in the Guidelines Regarding Motions to Use Cash Collateral.

## IX. INTERIM RELIEF

The Debtor requests that the Court immediately authorize the Debtor's interim use of the Pre-Petition Cash Collateral according to the proposal for adequate protection of the Cash Collateral Creditors' interests and set a hearing for authorization on a final basis within 14 days hereof.

## X. CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the Court grant the Motion and enter the Order attached as Exhibit A after holding a hearing no sooner than 14 days hereof.

DATED June 28, 2024.

**PARSONS BEHLE & LATIMER**

/s/ Brian M. Rothschild
Brian M. Rothschild

*Proposed Attorneys for Debtor Redline Recreational Toys Inc.*

**REDLINE RECREATIONAL TOYS INC.**

Dustin Weniger
President of Redline Recreational Toys Inc.

7

**EXHIBIT A**

**PROPOSED ORDER**

4856-8658-5802

Brian M. Rothschild, ISB #9462
**PARSONS BEHLE & LATIMER**
800 W Main St Suite 1300
Boise, Idaho 83702
Telephone:  208.562.4900
Facsimile:  801.536.6111
BRothschild@parsonsbehle.com

*Proposed Attorneys for Debtor Redline Recreational Toys Inc.*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | |
|---|---|
| In re<br><br>Redline Recreational Toys Inc.,<br><br>Debtor | Case Number:  24-bk-00388-ngh<br><br>Chapter Number:  11 |

**INTERIM ORDER GRANTING DEBTOR'S MOTION AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL**

Before the Court for ruling is Debtor and Debtor in Possession Redline Recreational Toys Inc.'s (the "**Debtor**") *Motion for Interim and Final Orders Authorizing the Use of Cash Collateral and Granting Adequate Protection to Lienholders* [ECF No. ___] (the "**Motion**").  The interim and final orders authorizing the use of cash collateral and the granting of adequate protection to lienholders.

The Motion came before the Court on [DATE] at [TIME]. All appearances were noted on the record at the hearing. The Court having heard the statements and arguments of counsel and having been fully advised in the matter made its findings of fact and conclusions of law on the record.

4856-8658-5802

**THEREFORE, IT IS HEREBY ORDERED THAT:**

The Motion is GRANTED on an interim basis to the extent provided herein pending a final hearing on the Motion.

1. Pursuant to this Interim Order, Debtor is authorized to use cash collateral to fund its ongoing business operations, and for the purposes outlined in its monthly budget, which budget is attached hereto and incorporated by reference for a period of 30 days or until the entry of a final order on the Motion, whichever occurs first..

2. Any objection to the relief requested in the Motion being granted on a final basis must be filed with the Court and served on counsel for Debtor so that such objection is received no later than [DATE] at 5:00 PM MST (the "Objection Deadline"). A final hearing on the Motion will be held on DATE at TIME. If any party in interest files an objection, the Court will hold a final hearing on the Motion. The Court may make provisions for telephone or Zoom appearances at the final hearing and interested parties should check the docket and the Court's website for instructions for accessing the final hearing. If no objections are filed to the Motion, the Court may enter a final order on the Motion without holding a final hearing.

3. Debtor is authorized to accumulate funds to pay its business operating expenses as they become due if not used in a particular month.

4. Debtor is also authorized to exceed the total budget amount by no more than 10% in any given month on its fixed costs, with supplier and subcontractor expenses being commensurate with its monthly revenue.

5. Debtor is authorized to make payments to the Lienholders, and such payments shall constitute adequate protection.

4856-8658-5802

  6. The Lienholders, in their same respective position and priority, are granted a replacement lien on all postpetition cash and accounts receivable to the extent Debtor collects and uses prepetition accounts receivable.

  7. Notwithstanding Bankruptcy Rules 6004, 7062, or 9014, the terms and conditions of this Interim Order shall be immediately effective upon its entry.

  8. Entry of this Interim Order is without prejudice to the rights of any party in interest to object to the Motion, and any such objection will be considered on a de novo basis at the final hearing.

  9. In the interim, Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

  **IT IS SO ORDERED.**

  DATED June ___, 2024.

                HONORABLE NOAH G. HILLEN
                CHIEF U.S. BANKRUPTCY JUDGE

// end of text //

*Order Prepared and Submitted by:*

Brian M. Rothschild, ISB #9462
**PARSONS BEHLE & LATIMER**
800 W Main St Suite 1300
Boise, Idaho 83702
Telephone: 208.562.4900
Facsimile: 801.536.6111
BRothschild@parsonsbehle.com

*Proposed Attorneys for Debtor Redline Recreational Toys Inc.*

4856-8658-5802

Brian M. Rothschild, ISB #9462
**PARSONS BEHLE & LATIMER**
800 W Main St Suite 1300
Boise, Idaho 83702
Telephone:  208.562.4900
Facsimile:  801.536.6111
BRothschild@parsonsbehle.com

*Proposed Attorneys for Debtor Redline Recreational Toys Inc.*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| In re | |
|---|---|
| Redline Recreational Toys Inc., | Case Number:  24-bk-00388-ngh |
| Debtor | Chapter Number:  11 |

**FINAL ORDER GRANTING DEBTOR'S MOTION AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL**

Before the Court for ruling is Debtor and Debtor in Possession Redline Recreational Toys Inc.'s (the "**Debtor**") *Motion for Interim and Final Orders Authorizing the Use of Cash Collateral and Granting Adequate Protection to Lienholders* [ECF No. ___] (the "**Motion**").  The interim and final orders authorizing the use of cash collateral and the granting of adequate protection to lienholders.

The Motion came before the Court on [DATE] at [TIME] for a final hearing.  At this hearing, the Court ruled on Debtor's request for a final order authorizing the use of cash collateral and granting adequate protection to lienholders. All appearances were noted on the record at the hearing. The Court having heard the statements and arguments of counsel and having been fully advised in the matter made its findings of fact and conclusions of law on the record.

THEREFORE, IT IS HEREBY ORDERED THAT:

The Motion is GRANTED on a final basis.

4856-8658-5802

1. Debtor is authorized to use cash collateral to fund its ongoing business operations, and for the purposes outlined in its monthly budget, which budget is attached to the Motion and incorporated by reference.

2. Debtor is authorized to accumulate funds to pay its business operating expenses as they become due if not used in a particular month.

3. Debtor is also authorized to exceed the total budget amount by no more than 10% in any given month on its fixed costs, with supplier and subcontractor expenses being commensurate with its monthly revenue.

4. Debtor is authorized to make payments to the Lienholders, and such payments shall constitute adequate protection.

5. The Lienholders, in their same respective position and priority, are granted a replacement lien on all postpetition cash and accounts receivable to the extent Debtor collects and uses prepetition accounts receivable.

6. Notwithstanding Bankruptcy Rules 6004, 7062, or 9014, the terms and conditions of this Final Order shall be immediately effective upon its entry.

7. Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Final Order.

8. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**IT IS SO ORDERED.**

DATED June ___, 2024.

_____

4856-8658-5802

HONORABLE NOAH G. HILLEN
CHIEF U.S. BANKRUPTCY JUDGE

// end of text //

*Order Prepared and Submitted by:*

Brian M. Rothschild, ISB #9462
**PARSONS BEHLE & LATIMER**
800 W Main St Suite 1300
Boise, Idaho 83702
Telephone:  208.562.4900
Facsimile:  801.536.6111
BRothschild@parsonsbehle.com

*Proposed Attorneys for Debtor Redline Recreational Toys Inc.*

4856-8658-5802