Jason R. Naess, ISBN 8407
Assistant United States Trustee
Andrew S. Jorgensen, ISBN 8695
United States Department of Justice
Office of the United States Trustee
720 Park Blvd, Ste. 220
Boise, Idaho 83712
(208) 334-1300
(208) 334-9756 [Facsimile]
ustp.region18.bs.ecf@usdoj.gov

Attorneys for the Acting United States Trustee

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| In re: | Case No. 24-bk-00388-NGH |
| REDLINE RECREATIONAL TOYS INC, | Chapter 11  (Subchapter V) |
| Debtor. | |

## UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION FOR ENTRY OF ORDER AUTHORIZING DEBTOR TO PAY CERTAIN CRITICAL PREPETITION PAYMENTS TO VENDORS (DKT. NO. 15)

The Acting United States Trustee ("UST") hereby objects to the Debtor's' Motion for Entry of Order Authorizing Debtor to Pay Certain Critical Prepetition Payments to Vendors (Dkt. No. 15) (the "Critical Vendors Motion" or "Motion") based on a prohibition under Ninth Circuit case law, *B & W Enters., Inc. v. Goodman Oil Co. (In re B & W Enters., Inc.)*, 713 F.2d 534, 537 (9th Cir. 1983), and based on the unmet burden to show immediate and irreparable harm under Federal Rule of Bankruptcy Procedure 6003(b).

### BACKGROUND

1.  Debtor filed the Critical Vendors Motion on June 28, 2024, as one of several first-day motions scheduled for an expedited hearing on July 9, 2024. Dkt. No. 17, 19.

2.  It is not clear from the record if Debtor served the Critical Vendors Motion other

*UST Objection to Critical Vendors Motion - 1*

than via ECF. *See* Dkt. No. 15.

3. Debtor served a Notice of Hearing, Dkt. No. 20, referencing four first-day motions and two employment applications, via First Class United States Mail, on July 1, 2024 on all parties on a creditor mailing matrix. Dkt. No.23. The Matrix includes 536 mailable recipients. *Id.* at 22.

4. The Critical Vendors Motion seeks authority for Debtor to pay the prepetition claims of a "network of critical vendors to provide parts, fuel, and other supplies, make repairs, provide utility services, and supply other critical goods and services to the Debtor." Dkt. No. 15 at 3 ¶ 7.

5. Based on a table provided in the motion, it appears the amount owed by Debtor to the listed vendors is about $37,000, with the largest amount owed as $9,200 to Co-Energy, and less than $41 owed to three utility service providers. *Id.* at 3-4. The Schedules give different information. From the UST's review of the Schedules, it appears that the following are listed on the table of critical vendors to be paid but are *not* identified as creditors with pre-petition claims in Schedules D, E, or F:

   a. City of Boise ($400);
   b. First Data Global Leasing ($1,000);
   c. Peer 2 Peer ($3,012.50);
   d. QuickBooks loan ($3,205);
   e. T-Mobile ($2197.33);

6. Additionally, the following creditors have a significantly different claim described in Schedule E comparted to what is requested to be paid in the Critical Vendors Motion:

   a. Co-Energy ($9,200 in Motion but $1,270 on Schedule E. Dkt. 25 at 40, ¶ 3.142);
   b. Commercial Tire ($4,000 in Motion but $1,429.65 on Schedule E. *Id.* at ¶ 3.144);
   c. Factory motor parts ($1,800 in Motion but $3,317 on Schedule E. *Id.* at ¶ 3.177);
   d. Idaho Power ($2,003 in Motion but $850.84 on Schedule E. *Id.*at ¶ 3.224);

7. Schedule E/F describes other critical vendors as having a claim in an amount

*UST Objection to Critical Vendors Motion - 2*

"unknown." *E.g.,* Diversified / Land & Sea, Dkt. No. 71 at 71 ¶ 3.165.

8.  It is not clear how early payment may affect other unsecured creditors who are not favored by early payment.

9.  Debtor has not filed budget projections. With varying information in the Schedules and without budget projections, it is difficult to compare and analyze whether the amounts owing to the critical vendors are significantly past due balances or would be comparable to regular payments in the ordinary course of business, or payable as goods or services received within 20 days before commencement of the case, under 11 U.S.C. § 503(b)(9).

10.  The Motion argues that some of the Critical Vendors may discontinue providing essential goods and services if they do not receive payment on all or a portion of their prepetition claims. "Many of the Critical Vendors do not have long-term contracts with the Debtor and could choose to stop doing business with the Debtor absent payment." Dkt. No. 15 at 4. Similar statements are included in the Declaration of Dustin Weniger in Support of First Day Relief. Dkt. No. 18 at 9-10. Otherwise, there is no information provided from any proposed critical vendors.

## ARGUMENT

The Critical Vendors Motion should be denied because it is not allowed under Ninth Circuit Law and because Debtor has not adequately shown immediate and irreparable harm. Debtor seeks authority to pay prepetition creditors' claims on an emergency basis, with shortened notice, solely on representations in the Critical Vendors Motion that the payments are will help avoid disruption of Debtor's businesses. The Bankruptcy Code does not explicitly allow for such payments. Some courts authorize such payments by invoking the "necessity of payment doctrine," relying on §§ 105(a), 363, and 507 as justification.

The U.S. Court of Appeals for the Ninth Circuit has ruled that the doctrine of necessity or

"necessity of payment rule" upon which critical vendor motions are often founded does not exist in the Ninth Circuit beyond railroad reorganizations. *B & W Enters., Inc. v. Goodman Oil Co. (In re B & W Enters., Inc.)*, 713 F.2d 534, 537 (9th Cir. 1983). A bankruptcy court in Oregon recently applied this reasoning in its decision to deny a critical vendor motion by a chapter 11 Debtor farmer who needed his hay cut by a hesitant creditor who was owed for pre-petition work. *In re MacMillan*, 652 B.R. 812 (Bankr. D. Ore. 2023). The *Macmillan* decision acknowledged that some courts have utilized the necessity of payments rule and six months rule to grant motions to pay critical vendors on unsecured pre-petition debts, but the court found that binding precedent in *In re B& W Enters., Inc.* controlled. *Id.* at 813, *citing In re B & W Enters., Inc.* 713 F.2d at 537 ("This is not a power given courts by the 1978 Act").

  An alternative and additional basis for denial is the limited proof of the necessity of the critical vendor payments to avoid immediate and irreparable harm. Federal Rule of Bankruptcy Procedure 6003 ("Rule 6003") regulates requests for the early payment of pre-petition creditors. In relevant part, the Rule provides, "Except to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, issue an order granting the following – (b) a motion to . . . incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition." Rule 6003(b). The Rule prevents courts from rendering pivotal rulings without complete consideration and provides all parties in interest with a meaningful opportunity to be heard. If critical vendor payments were permissible, the debtor in possession must demonstrate that critical vendor payments are necessary to avoid immediate and irreparable harm. *See In re BX Acquisitions, Inc.*, 588 B.R. 798, 809 (Bankr. N.D. Ohio 2018). Other than the assertion of Mr. Weniger that vendors provide essential goods and services and that they may discontinue,

there is a lack of evidentiary support that vendors will stop providing services absent early payment and could not be replaced with other vendors.

As outlined above, comparison of the Motion and Schedules makes it unclear what amounts are due to many of the creditors on pre-petition claims.

Further, it may be unnecessary for the Court to enter an order approving payments if the vendors fit within the parameters of § 503(b)(9), or the vendors are not pre-petition creditors but service providers that can be paid in the ordinary course of business under § 363(c)(1), or they are utility providers whose claims, payments, and assurance of ongoing service are best addressed by § 366. However, the UST cannot determine this based on the limited information available at this stage.

## CONCLUSION

The UST objects to the Critical Vendors Motion based on the narrow construction of such bankruptcy court powers in *B & W Enters., Inc. v. Goodman Oil Co. (In re B & W Enters., Inc.)*, 713 F.2d 534, 537 (9th Cir. 1983). Even if there were a legal exception based on necessity, the Motion and record does not support a finding that paying these Critical Vendors is necessary to avoid immediate and irreparable harm. There is insufficient information to justify paying pre-petition claims outside of the timelines and priority framework of the Bankruptcy Code.

Date: July 8, 2024  GREGORY M. GARVIN
Acting United States Trustee for Region 18

/s/ Andrew Jorgensen
ANDREW JORGENSEN
Attorney for the Acting United States Trustee
[Non CM/ECF e-mail andrew.jorgensen@usdoj.gov]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on ___July 8, 2024___ I caused the foregoing document to be filed with the Court's CM/ECF system which causes a copy of the foregoing to be served by electronic means on the parties reflected on the Notice of Electronic Filing.

Date: __July 8, 2024_____

_____/s/_____
ANDREW JORGENSEN