Brian M. Rothschild, ISB #9462
**PARSONS BEHLE & LATIMER**
800 W Main St Suite 1300
Boise, Idaho 83702
Telephone:  208.562.4900
Facsimile:  801.536.6111
BRothschild@parsonsbehle.com

*Attorneys for Debtor Redline Recreational Toys Inc.*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF IDAHO

| In re: | Case Number:  24-bk-00388-ngh |
|---|---|
| Redline Recreational Toys Inc., | Chapter 11 |
| Debtor. | Judge Noah G. Hillen |

### MOTION FOR APPROVAL OF COMPROMISE BETWEEN DEBTOR AND MONTANA BOAT RENTAL, LLC

---

**NOTICE OF HEARING AND OPPORTUNITY TO OBJECT TO MOTION**

<u>No Objection</u>.  The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within 21 days of the date of service of this notice.

If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.

<u>Objection</u>.  Any objection shall set out the legal and/or factual basis for the objection.  A copy of the objection shall be served on the movant.

<u>Hearing on Objection</u>.  The objecting party shall also contact the Court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

---

4882-7156-3983

Redline Recreational Toys Inc., the above captioned debtor and debtor in possession ("**Redline**" or the "**Debtor**"), through undersigned counsel, hereby submits this motion for approval of compromise between the Debtor and Montana Boat Rental, LLC (the "**Motion**").

## MEMORANDUM OF POINTS AND AUTHORITIES

I.    **SUMMARY OF RELIEF REQUESTED**

By this Motion, the Debtor moves under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") for entry of an order, substantially in the form attached as Exhibit A hereto (the "**Proposed Order**"), approving the settlement agreement attached as Exhibit 1 to the Proposed Order (the "**Agreement**") settling disputes between the Debtor and creditor Montana Boat Rental, LLC ("**MBR**").

As set forth in the Motion, the Debtor's principal, Dustin Weinger ("**Weniger**"), transferred real estate encumbered by an MBR lien to the Debtor shortly before the petition date. It is the Debtor's position that the real estate is not an asset of the Debtor's estate. Furthermore, the real estate is currently under contract to be sold. By and through the proposed Agreement the parties agree that the real property is not an asset of the Debtor's estate and therefore it is not covered by the automatic stay under Section 362 of the Code, and that Mr. Weniger is given time to complete the sale of the real property, with the proceeds of the sale to be paid to all lienholders in order of their priority.

4882-7156-3983

**II.     JURISIDICTION, VENUE, AND BASIS FOR RELIEF.**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

**III.    BACKGROUND**

4. On or about July 1, 2020, Redline, Weniger, and Joseph Holbrook ("**Borrowers**"), executed a promissory note in favor of MBR in the principal sum of $215,331.92 (the "**Note**"), which represented outstanding rental obligations due and owing MBR, pursuant to numerous lease agreements. Concurrently with the execution of the Note, Weniger issued a Deed of which granted MBR an interest in certain real estate owned by Weniger with the address of 2792 E. Windsong Drive, Boise, ID 83712 (the "**Real Property**"), to secure the obligations owed under the Note.

5. The Deed of Trust was recorded on May 21, 2020, at the Ada County Recorder's office with Instrument No. 2020060230. On or about July 23, 2020, MBR agreed to amend the Note at the request of Redline and Weniger, wherein MBR advanced additional funds to Redline and Weniger, increasing the principal amount of the Note to $416,362.68.

6. The Borrowers defaulted under the terms of the Note, and MBR initiated a foreclosure sale of the Real Property ("**Foreclosure Sale**"), scheduled to take place on May 7, 2024.

7. On May 7, 2024, Weniger filed a chapter 13 bankruptcy, Case No. 24-00247, thus staying the Foreclosure Sale. Mr. Weniger's bankruptcy was later dismissed.

4882-7156-3983

8. On June 20, 2024, Mr. Weniger executed a quitclaim deed transferring the Real Property from Weniger to Redline.

9. On that same day (the "**Petition Date**"), Redline filed a voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code, which commenced this case.

10. On or about July 4, 2024, Mr. Weniger and Ms. Amy Weniger, entered a contract for the sale of the Real Property with a sale price of $1,380,000.

11. To avoid the costs, delays, and uncertainties of unwinding the quitclaim transfer of the Real Property from Redline to Weniger, as well as allowing MBR to continue is foreclosure sale to allow Weniger to sell the Real Estate for the maximized amount, the Parties entered into the Agreement.

### IV. BASIS FOR RELIEF.

Bankruptcy Rule 9019 provides that, after notice and a hearing, a court may approve a proposed compromise or settlement. Fed. R. Bankr. P. 9019(a). Section 105(a) of the Bankruptcy Code allows a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

The decision of whether to approve or reject a proposed compromise is addressed to the sound discretion of the Court and is to be determined by the circumstances of each case. *In re Walsh Construction, Inc*. 669 F.2d 1325, 1328 (9th Cir. 1982); *In re Woodson*, 839 F.2d 610, 620 (9th Cir. 1988); *In re A&C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986), *cert. dented*, 479 U.S. 854, 107 S. Ct. 189 (1986).

More specifically, a Court should review the following factors in considering whether to approve a proposed settlement:

> (a) The probability of success in the litigation; (b) the difficulty, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interests of the creditors and a proper deference to their reasonable views in the premises.

*Woodson, supra*, 839 F.2d at 620 (*quoting A&C Properties, supra*, 784 F.2d at 1381).

"Each factor need not be treated in a vacuum; rather, the factors should be considered as a whole to determine whether the settlement compares favorably with the expected rewards of litigation." *Grief & Co. v. Shapiro (In re W. Funding Inc*.), 550 B.R. 841, 851 (9th Cir. BAP 2016), aff'd, 705 F. App'x 600 (9th Cir. 2017). Moreover, the bankruptcy court "need not rule upon disputed facts and questions of law, but only canvass the issues. A mini trial on the merits is not required." *Burton v. Ulrich (In re Schmitt)*, 215 B.R. 417, 423 (9th BAP 1997) (citations omitted). Otherwise, "there would be no point in compromising; the parties might as well go ahead and try the case." *Suter v. Goedert*, 396 B.R. 535, 548 (D. Nev. 2008) (citation and quotation marks omitted).

## V.  ANALYSIS

The compromise reflected in the Agreement is reasonable exercise of the Debtor's business judgment under the A&C Properties factors.

### 1.  Probability of Success on the Merits.

The Debtor believes that the transfer of the Real Property to the estate is most likely a fraudulent transfer and that MBR would be successful in its motion for relief from stay and its subsequent litigation to avoid the transfer. By and through the Agreement and this Motion, Debtor and MBR intent to remove these procedural huddles from MBR and to stop the incurrence of legal fees by both the Debtor and MBR.

5

4882-7156-3983

### 2. The Difficulty in Collection.

As the dispute revolves around a secure lien in real property, collection is not an issue. With that said, Debtor believes that by allowing the sale of the Real Property through traditional channels and not through foreclosure, the Real Property is allowed to maximize its value for the benefit of both the Debtor and MBR.

### 3. The Complexity, Expense and Inconvenience of Litigation.

MBR's allegations are not complex. With that said, the Settlement allows the Mr. Weniger to maximize the value of the Real Property through a traditional sale process, thus allowing MBR to realize a larger distribution, if not a complete pay off, all while reducing MBR's procedural hurdles should the sale fall through.

### 4. The Paramount Interest of Creditors.

Finally, the Settlement is in the best interest of the Debtor's creditors as MBR is also a creditor of the Debtor. Through allowing the Settlement, MBR's claim in the Debtor's estate shall be reduced, if not extinguished, thus allowing more funds available to Debtor's remaining creditors.

### **CONCLUSION**

For the reasons set forth herein, the Debtor respectfully requests that the Court grant the Motion, approving the Settlement.

4882-7156-3983

DATED July 26, 2024.

/s/ Brian M. Rothschild
Brian M. Rothschild

**PARSONS BEHLE & LATIMER**

*Attorneys for Redline Recreational Toys Inc.*

4882-7156-3983

# EXHIBIT A

# PROPOSED ORDER

4882-7156-3983

Brian M. Rothschild, ISB #9462
**PARSONS BEHLE & LATIMER**
800 W Main St Suite 1300
Boise, Idaho 83702
Telephone:  208.562.4900
Facsimile:  801.536.6111
BRothschild@parsonsbehle.com

Attorneys for the Debtor Redline Recreational Toys Inc

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | |
|---|---|
| In re: | |
| Redline Recreational Toys Inc | Case Number:  24-bk-00388-ngh |
| Debtor. | Chapter Number:  11 |
| | JUDGE NOAH G. HILLEN |

**ORDER APPROVING THE SETTLEMENT BETWEEN DEBTOR AND MONTANA BOAT RENTAL, LLC UNDER BANKRUPTCY RULE 9019**

Upon the Motion (the "**Motion**")[1] filed by the above-captioned debtor and debtor in possession (the "**Debtor**") seeking entry of an order under Rule 9019 of the Federal Rules of Bankruptcy Procedure and section 105(a) of title 11 of the United States Code for entry of an order approving the settlement agreement attached as <u>Exhibit 1</u> hereto (the "**Settlement Agreement**"), which provides for the settlement of disputes between the Debtor and MBR; and finding that the Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, that this is a core matter under 28 U.S.C. § 157(b)(2), that notice of the Motion and all other notices were sufficient under the circumstances and that no further notice need be given; and the legal and factual bases set forth in

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

1

4882-7156-3983

the Motion establish just cause for the relief granted herein and it appearing that granting the relief requested in the Motion, and the entry of this Order are necessary and in the best interests of the Debtor, its estate, creditors, and other parties in interest; and the Court having found and determined that the relief sought in the Motion is an appropriate exercise of the Debtor's business judgment; and sufficient cause appearing therefor,

**THEREFORE, THE COURT FINDS AS FOLLOWS:**

1. The Motion is granted as set forth herein.

2. The Settlement Agreement, attached as <u>Exhibit 1</u> hereto, is approved, and incorporated herein by reference, and shall be binding on the parties thereto, all parties in interest in this case, and any subsequently-appointed Chapter 11 or Chapter 7 trustee. In the event of any inconsistency between this Order, the Motion, and the Settlement Agreement, the Settlement Agreement will control.

3. The Debtor and Montana Boat Rental, LLC are authorized and directed to act in accordance with the Settlement Agreement and perform their respective duties thereunder.

4. This Order is immediately effective and enforceable upon its entry.

5. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

**IT IS SO ORDERED.**

DATED July ___, 2024.

                                                HONORABLE NOAH G. HILLEN
                                                CHIEF U.S. BANKRUPTCY JUDGE

4882-7156-3983

// end of text //

*Order Prepared and Submitted by:*

Brian M. Rothschild, ISB #9462
**PARSONS BEHLE & LATIMER**
800 W Main St Suite 1300
Boise, Idaho 83702
Telephone: 208.562.4900
Facsimile: 801.536.6111
BRothschild@parsonsbehle.com

*Attorneys for the Debtor Redline Recreational Toys Inc*

3

# EXHIBIT 1

# SETTLEMENT AGREEMENT

# COMPROMISE AND SETTLEMENT AGREEMENT

This Compromise and Settlement Agreement (this "**Settlement Agreement**") is made and entered into effective as of July 24, 2024, by and among (a) Montana Boat Rental LLC, a Montana limited liability company ("**MBR**"), (b) Redline Recreational Toys Inc., an Idaho corporation ("**Redline**" or "**Debtor**"), and (c) Dustin Weniger ("**Weniger**" and, together with MBR and Redline, the "**Parties**").

## RECITALS

**WHEREAS,** on or about July 1, 2020, Redline, Weniger, and Joseph Holbrook ("**Borrowers**"), executed a promissory note in favor of MBR in the principal sum of $215,331.92, which represented outstanding rental obligations due and owing MBR, pursuant to numerous lease agreements. Concurrently with the execution of the Note, Weniger issued a Deed of Trust ("**Deed of Trust**") which granted MBR an interest in certain real estate owned by Weniger with the address of 2792 E. Windsong Drive, Boise, ID 83712 (the "**Real Property**"), to secure the obligations owed under the Note. The Deed of Trust was recorded on May 21, 2020, at the Ada County Recorder's office with Instrument No. 2020060230. On or about July 23, 2020, MBR agreed to amend the Note at the request of Redline and Weniger, wherein MBR advanced additional funds to Redline and Weniger, increasing the principal amount of the Note to $416,362.68.

**WHEREAS,** the Borrowers defaulted under the terms of the Note, and MBR initiated a foreclosure sale of the Real Property ("**Foreclosure Sale**"), scheduled to take place on May 7, 2024. The amount owed under the Note is approximately $382,797.58 as of September 5, 2024, plus attorney fees and costs incurred after July 17, 2024;

**WHEREAS,** on May 7, 2024, Weniger filed a chapter 13 bankruptcy, Case No. 24-00247, thus staying the Foreclosure Sale.

**WHEREAS,** on June 20, 2024, unbeknownst to MBR, Mr. Weniger executed a quitclaim deed transferring the Real Property from Weniger to Redline;

**WHEREAS,** on June 20, 2024 (the "**Petition Date**"), Redline filed a voluntary petition for relief under subchapter V of chapter 11 of title 11, United States Code (the "**Bankruptcy Code**"), which commenced the bankruptcy case styled *In re Redline Recreational Toys Inc.*, Bankruptcy No. 24-00388 (the "**Bankruptcy Case**"), in the United States Bankruptcy Court for the District of Idaho (the "**Bankruptcy Court**");

**WHEREAS,** on June 21, 2024, an Order of Dismissal was entered in the Weniger bankruptcy case, for the Debtor's failure to file a plan and schedules;

**WHEREAS,** MBR re-commenced the Foreclosure Sale upon the dismissal of the Weniger bankruptcy case, and has a foreclosure sale date of August 6, 2024 set ("**Continued Sale Date**");

**WHEREAS,** the Debtor claims no interest in the Real Property and as such did not schedule the Real Property as an asset in its bankruptcy schedules;

#227037599_v2 836720.00002

64568.0001.17418331.1

**WHEREAS** on or about July 4, 2024, Mr. Weniger and Ms. Amy Weniger, entered into a contract for the sale of the Real Property with a sale price of $1,380,000;

**WHEREAS**, on July 11, 2024, MBR discovered the transfer of the Real Property in conducting a title search; and

**WHEREAS**, in order to avoid the costs, delays, and uncertainties of unwinding the quitclaim transfer of the Real Property from Redline to Weniger, as well as proceeding with the Continued Sale Date, the Parties desire to resolve the issues surrounding the Real Property on the terms and conditions set forth in this Settlement Agreement.

## AGREEMENT

**NOW, THEREFORE**, in consideration of the promises, agreements, covenants, representations, warranties, and obligations contained herein, and for good and valuable consideration, the adequacy of which is hereby acknowledged, the Parties agree as follows:

1. <u>Recitals</u>.  The above recitals are hereby incorporated in and made a part of this Settlement Agreement.

2. <u>Bankruptcy Court Approval</u>.

   a. <u>Motion for Approval</u>.  Within one (1) business day after this Agreement has been fully executed, Redline shall file a motion with the Bankruptcy Court for approval by the Bankruptcy Court of this Settlement Agreement.

   b. <u>Approval Date</u>.  The Parties acknowledge that (a) this Settlement Agreement is subject to and contingent upon approval of the Bankruptcy Court, (b) this Settlement Agreement shall not be effective, nor shall any Party have any obligations hereunder, unless and until the Bankruptcy Court enters an order approving this Settlement Agreement (the "**Approval Order**"), and (c) the Parties shall take no action inconsistent with this Settlement Agreement and shall support entry of the Approval Order.  The "**Approval Order Date**" shall be the date on which the Bankruptcy Court shall have entered an order authorizing and approving this Agreement.

3. <u>Interest in and Sale of the Real Property</u>.  The Parties agree that Redline has no interest in the Real Property and therefore the Continued Sale Date was not void or in violation of the automatic stay.  Further, MBR agrees to allow Weniger to sale the Real Property on the terms set forth in the July 4, 2024, sale's contract, a copy of which is attached as **Exhibit A** hereto, with the exception that the closing date will be extended to be as soon as possible, but no later than September 18, 2024, unless extended by the Parties in writing ("**Closing Date**").  The proceeds from the sale of the Real Property shall be used to (1) pay any realtor's commissions, and (2) to all lienholders in order of priority, for the full amount due and owing unless otherwise agreed by the lienholder.

4. <u>Foreclosure Sale</u>.  Upon the execution of this Agreement and the filing of the Motion for Approval, MBR agrees to continue the Continued Sale Date to approximately September 19, 2024,

to provide time for the payoff of the Note on or prior to the Closing Date. If the Note is not paid in full by the Continued Sale Date, MBR shall be entitled to complete its foreclosure of the Real Property and Weniger agrees not to engage any further delays, including any attempt to obtain a stay of the foreclosure sale.

5. <u>MBR Accounting of Claim</u>. Within 10 days of execution of this Agreement, MBR will provide Weniger an itemization of the amounts owed under the Note and the amounts owed under the Master Lease Agreement, which is the subject of a default judgment entered against the Debtor in the Montana Fourth Judicial District Court, Missoula County on May 30, 2024, for $697,000.

6. <u>Cooperation</u>. The Parties shall confer prior to the filing or submission of (i) the motion for approval of this Settlement Agreement and proposed order, and (ii) any other document that any Party may reasonably desire to submit to the Bankruptcy Court in connection with any of the foregoing. The Parties agree to cooperate in good faith and to take any further actions reasonably necessary to effectuate this Agreement.

7. <u>Joint Participation</u>. The Parties participated jointly in the negotiation and preparation of this Settlement Agreement, and each Party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Settlement Agreement. Accordingly, it is agreed that no rule of construction shall apply against any Party or in favor of any Party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one Party and in favor of another Party.

8. <u>Waiver</u>. No claim or right arising out of a breach of this Settlement Agreement can be discharged by a waiver of that claim or right unless the waiver is in writing signed by the Party to be bound by such waiver. A waiver by any Party of a breach by another Party of any provision of this Settlement Agreement shall not be deemed a waiver of future compliance with such provision, and such provision shall remain in full force and effect.

9. <u>Severability</u>. Should any of the provisions of this Settlement Agreement be rendered invalid by a court or government agency of competent jurisdiction, it is agreed that this shall not in any way or manner affect the enforceability of the other provisions of this Settlement Agreement, which shall remain in full force and effect.

10. <u>Section Headings</u>. Section headings in this Settlement Agreement are included for convenience of reference only and shall not be a part of this Settlement Agreement for any other purpose.

11. <u>Entire Agreement</u>. The Parties each represent and warrant that no promise or inducement has been offered or made except as set forth in this Settlement Agreement and that the consideration stated is the sole consideration for this Settlement Agreement. This Settlement Agreement constitutes the complete agreement and understanding among the Parties as to the subject matter hereof and supersedes any and all prior agreements, understandings, promises, or inducements, no matter the form, concerning its subject matter.

12. <u>Modifications</u>. No modifications, amendments, or changes to this Settlement Agreement shall be binding or enforceable unless reduced to writing and signed by all of the Parties.

13. <u>Counterparts; Facsimile Signatures</u>.  This Settlement Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, and all of which together shall constitute one and the same Settlement Agreement.  This Settlement Agreement may be executed and delivered by facsimile or electronic scan, and, upon such delivery, the facsimile or electronic-scan signature shall be deemed to have the same effect as if the original signature had been delivered to the other Party.

14. <u>Successors</u>.  This Settlement Agreement shall be binding upon, enforceable by, and inure to the benefit of each of the Parties' respective successors, heirs, and assigns.

15. <u>Bankruptcy Court Jurisdiction</u>.  Until the closing of the Bankruptcy Case, the Bankruptcy Court shall have sole and exclusive jurisdiction to hear and determine any dispute arising under this Settlement Agreement.

**IN WITNESS THEREOF**, the Parties have entered into this Settlement Agreement as of the date first written above.

_____          Date: 7/25/2024
**Montana Boat Rental LLC**

_____          Date: _____
**Redline Recreational Toys Inc.**

_____          Date: _____
**Dustin Weniger**

4

64568.0001.17418331.1

13. <u>Counterparts; Facsimile Signatures</u>.  This Settlement Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, and all of which together shall constitute one and the same Settlement Agreement.  This Settlement Agreement may be executed and delivered by facsimile or electronic scan, and, upon such delivery, the facsimile or electronic-scan signature shall be deemed to have the same effect as if the original signature had been delivered to the other Party.

14. <u>Successors</u>.  This Settlement Agreement shall be binding upon, enforceable by, and inure to the benefit of each of the Parties' respective successors, heirs, and assigns.

15. <u>Bankruptcy Court Jurisdiction</u>.  Until the closing of the Bankruptcy Case, the Bankruptcy Court shall have sole and exclusive jurisdiction to hear and determine any dispute arising under this Settlement Agreement.

**IN WITNESS THEREOF**, the Parties have entered into this Settlement Agreement as of the date first written above.

_____          Date: _____
**Montana Boat Rental LLC**

_____          Date: 7-24-2024
**Redline Recreational Toys, Inc.**

_____          Date: 7-24-2024
**Dustin Weniger**

4

64568.0001.17418331.1